No. 86-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
MARY LOU HALL,

             Petitioner and Appellant,
     and

ARNOLD ALOYSIUS HALL,

             Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Twelfth Judicial District,
              In and for the County of Hill,
              The Honorable B.W. Thomas, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Morales & Volinkaty; Richard Volinkaty, Missoula,
          Montana

     For Respondent:

          Hartelius & Ferguson; Channing J. Hartelius, Great
          Falls, Montana

_____

                         Submitted on Briefs:  June 4, 1987

                               Decided:  August 5, 1987

Filed:  AUG 5 - 1987

                         _Ethel M. Harrison_
_____
                        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Twelfth Judicial District, Hill County, apportioned the parties' property and debts after a dissolution had been entered, denied a maintenance award, and directed the parties to pay their own attorney fees. Wife appealed. We affirm.

The issues are:

1. Did the District Court err in its apportionment and distribution of the marital estate?

2. Did the District Court err in its denial of maintenance and attorney fees to wife?

The parties were married in 1962. A decree of dissolution, reserving all other issues, was entered on September 20, 1985. The parties have three children from their marriage. Neither child custody nor child support is an issue in this case.

The District Court found that the husband had been employed by Burlington Northern as a laborer at $11.00 per hour from which he averaged about $1,400 per month. Wife has been a licensed practical nurse from which she has earned approximately $8.35 per hour. The wife has completed her registered nurse's course and upon passing her qualifying examinations, she will be able to earn approximately $11.00 per hour, or $21,000 per year. The District Court further pointed out that in any event she could return to employment as a licensed practical nurse with prospective earnings of $15,000 per year and could anticipate increased earnings because of her education.

The parties accumulated a marital estate consisting of real and personal property with a value of approximately $401,600. The marital debts are approximately $368,600, leaving the net value of the marital estate at roughly

$33,000. Much of the marital estate consists of tracts of farm and ranch land.

The court decreed that the items in the possession of the wife, which totaled $16,810 in value, would be given to her, and the items in possession of the husband, which totaled $4,065 in value, would be given to him. In addition, the remainder of the property in the marital estate, valued at $368,000, would be given to husband as long as he assumed full responsibility for the debts of the marriage, which totaled approximately $368,000.

The court found that since 1985 the farming enterprise has not been in operation due to a lack of operating funds. Regarding the distribution of the farm property, the court stated:

> 17. Since the time adopted for the valuation of the marital estate, the market value of the estate property has continued to decline and the interest on estate obligations has continued to accrue. If the real estate should be ordered sold, there is a good possibility that the proceeds of the sale would be insufficient to satisfy the obligations of the estate, leaving a deficiency for the parties to pay out of their future earnings. Respondent has offered to assume the estate obligations if the property is apportioned to him. He would apply for a farm disaster loan in the expectation of refinancing and getting reestablished in the farming business. If he is unsuccessful, foreclosure and sale of the property is likely to ensue.
> 18. It would be of benefit to petitioner to be relieved of responsibility for payment of estate obligations. Since it appears unlikely that a present sale of the property would result in any net money distribution to either party, adoption of respondent's proposal is a reasonable alternative.

Finally, the court found that it was not necessary to award maintenance to either party, that no child support payments needed to be paid by wife to husband (custody of the

3

parties' one minor child was given to husband), and that each party would be responsible for his or her own attorney fees. Wife appealed.

I

Did the District Court err in its apportionment and distribution of the marital estate?

Wife contends that the District Court awarded all of the income producing property to the husband and that the husband received the only asset which could be used to receive any substantial loans or financing. Wife further asserts that the court failed to consider the opportunity of each party to acquire capital assets and future income when it apportioned the marital estate. Finally, the wife maintains that the court failed to give adequate weight to her contribution as a homemaker and wage earner during the marriage and that the court failed to properly consider the $15,000 in unsecured debts which she has. For these reasons, wife believes the court erred in its property distribution.

Section 40-4-202, MCA, covers the division of property in marital dissolutions. As pointed out in In Re Marriage of Hundtoft (Mont. 1987), 732 P.2d 401, 402, 44 St.Rep. 204, 205, our function is limited:

> At the outset, we yet again repeat that this Court's function on appeal is extremely limited. Section 40-4-202, MCA, is of necessity a flexible statute which vests a good deal of discretion in the district court. Given the infinite varieties of factual situations presented by parties to dissolution proceedings, trial judges must enjoy the latitude to address each case individually, with an eye to its unique circumstances. (Citation omitted.)

As stated by this Court, our functions are as limited as the District Court's functions are broad. We have concluded that in a property distribution review in marriage

4

dissolution, this Court will reverse a district court only upon a showing that the district court has acted arbitrarily or has committed a clear abuse of discretion, resulting in either instance in substantial injustice. See In Re Marriage of Hundtoft and cites therein. We choose not to use the phraseology "without employment of conscientious judgment or exceeded the bounds of reason" from Huntdoft because it does not assist in reviewing the actions of the lower court.

In its 13 page findings of fact, conclusions of law and decree, the District Court carefully analyzed the assets and liabilities of the parties and their relationships. After a review of the transcript, we conclude that the wife has failed to show that the court in any manner committed a clear abuse of discretion or acted arbitrarily.

The analysis of the District Court shows that the farmland has been declining in value while the obligations against the land have been continuing to grow. The District Court recognized there was a possibility of a deficiency judgment if the farm real estate were sold. The court also recognized that it was important that the wife be relieved of any obligations to pay any of the indebtedness against the farm real property, and included those provisions in its decree. Finding neither abuse of discretion or arbitrary action, we affirm the property distribution by the District Court.

II

Did the District Court err in its denial of maintenance and attorney fees to wife?

Wife contends that the court erred in not awarding her maintenance and attorney fees. Section 40-4-203(1), MCA, sets forth the factors to be weighed when considering a maintenance award:

5

In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) lacks sufficient property to provide for his reasonable needs; and

(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In order to meet the statutory requirements, the wife was required to prove that she lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment. The District Court found that if she passed her registered nurse examination, she would be able to earn approximately $21,000 per year, and in any event could earn $15,000 per year as a licensed practical nurse, with anticipated increased earnings because of her additional education. Because the wife failed to prove inability to support herself, we conclude that she has failed to prove herself entitled to maintenance under the statute.

The second issue is whether the court erred by failing to award wife attorney fees. Section 40-4-110, MCA, provides in pertinent part:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for . . . attorney's fees.

The District Court stated: "Since neither party is better able to pay attorney fees than the other, each should be responsible for his or her own attorney fees." The record

6

supports the conclusion on the part of the District Court. We affirm the denial of attorney fees.

The District Court is affirmed in full.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices