No. 88-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
JANICE JOHNSON COLE,

        Petitioner and Respondent,

   and

SHERWIN GARY COLE,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Drysdale, McLean, Nellen & Nellen; A. Susanne Nellen,
Bozeman, Montana

    For Respondent:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr.,
Bozeman, Montana

---

Submitted on Briefs:  Aug. 11, 1988

Decided:  October 20, 1988

Filed:

FILED
'88 OCT 20 PM 1 56
CLERK
MONTANA SUPREME COURT

_Ethel M. Harrison_

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The husband in a dissolution action appeals from a decree of the Eighteenth Judicial District Court, Gallatin County. We affirm the District Court and remand for a determination of reasonable attorney's fees incurred by the wife on this appeal.

The issues raised on appeal are:

1. Whether the District Court properly considered the factors delineated in the Montana maintenance statute, § 40-4-203, MCA, when it awarded maintenance to the wife.

2. Whether the maintenance award is based on substantial credible evidence.

The parties were married on July 18, 1975. Shortly after the marriage, in January, 1976, the husband, his brother and his father formed a farming partnership. The husband and his brother each received a 25 percent share in the business and their father retained the remaining interest.

Prior to December 29, 1987, the partnership was indebted to Norwest Bank of Billings in the amount of approximately $574,000, plus $55,000 interest. On December 29, 1987, one day before the dissolution hearing that is the subject of this appeal, the partners restructured their loan with the bank. The agreement does not increase the amount of the original debt but gives the partners the authority to borrow additional funds up to a total approximate debt of $748,000.

The loan agreement allows the partners to take draws of $5,500 per month, with $2,500 going to the father and the husband and his brother splitting equally the remaining $3,000. No other salaries are drawn by the partners and no

- 2 -

bonuses are given. The loan agreement requires that all profits be applied toward the debt or the purchase of new equipment.

The District Court found that the husband's share of the partnership was a minority interest in a closely-held family business and for that reason was not saleable to an outside buyer.

The District Court valued the partnership at $1,019,733, and the husband's 25 percent share at $254,933. The court then reduced the value of the interest by 30 percent to take into account the share's nonmerchantability, the partnership's high debt load and a discount for machinery. The court concluded that, after the 30 percent reduction, the husband's interest equaled $178,453. The court found that his share of the debt was $158,440.

The husband also owns a 50 percent interest in 105 acres of farmland. He and his brother purchased the land in 1985 with a $130,000 loan. Unfortunately, land values dropped. The husband's interest in the land, $50,000, is presently valued at less than his share of the debt, $64,000. The partnership farms the land, although it pays no rent for the acreage.

The wife is 34 years old. She has a degree in home economics from Montana State University. During the marriage, she regularly worked outside the home in addition to her duties as homemaker. She has been employed as a teacher, travel agent, employment counselor and door-to-door salesperson. She has also engaged in business ventures, although with little success. Her earnings have averaged approximately $4.00 per hour. In 1987, she earned $5,203 selling cable television subscriptions in Colorado and Nevada.

The wife filed a petition for dissolution of marriage on October 7, 1986. A one day hearing was held on December 30, 1987. The District Court issued its findings of fact and conclusions of law on February 24, 1988.

The trial court awarded the parties joint custody of their one son, Wesley, age 10. The court gave temporary physical custody of the son to the husband while the wife moved to another area to look for a new job. Once the wife is settled, she may apply to the court for physical custody of the child. The husband has agreed to pay child support of $250 per month in the event physical custody of the child is given to the wife. The wife is not required to pay child support while Wesley resides with the husband.

The court divided the property of the parties, awarding the wife assets valued at a total of $12,975. The award included a 1985 Jeep and camper, a 1953 Chevrolet limousine, and various household furnishings. The wife was also ordered to pay $9,250 in liabilities, leaving her with a net of $3,725.

The court granted the husband his entire interest in the partnership as well as his interest in the 105 acres of land. In addition, the husband was awarded several household items, a 1981 BMW, and the family home. The court found that the home had a value of $48,000 but was mortgaged at $52,231. The total value of the assets awarded to the husband equaled $290,403. The husband was ordered to assume liabilities of $293,671, including the partnership debt and the mortgages on the house and the farmland. Subtracting the liabilities from the assets, the husband received a negative net of $3,268.

The District Court also ordered the husband to pay maintenance to the wife in the sum of $500 per month for 10 years. The husband contends this award of maintenance was improper because the District Court failed to consider the

- 4 -

factors set out in § 40-4-203, MCA, and because the award was not based on substantial credible evidence.

Our standard of review in dissolution cases is limited. We will not disturb a District Court's judgment that is based on substantial credible evidence unless a clear abuse of discretion is shown. In Re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 767, 45 St.Rep. 850, 852. Although the District Court in the instant case failed to make findings specifically tailored to the elements delineated in § 40-4-203, MCA, it did not abuse its discretion in making the maintenance award. It is evident from the findings that the lower court considered the proper factors in granting the wife maintenance and that the award was based on substantial credible evidence.

An award of maintenance may be granted only if the spouse seeking maintenance meets the requirements of § 40-4-203(1), MCA. In Re the Marriage of Johnsrud (1977), 175 Mont. 117, 123, 572 P.2d 902, 905. That section provides:

> (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) lacks sufficient property to provide for his reasonable needs; and
>
> (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Maintenance payments supplement the property division. If, after an equitable division of the marital assets, one party lacks sufficient property to fulfill his or her

reasonable financial needs, maintenance may be appropriate. In determining whether a spouse has sufficient property, a court should consider whether the spouse seeking maintenance has received income producing or income consuming assets. In Re the Marriage of Goodman (Mont. 1986), 723 P.2d 219, 222, 43 St.Rep. 1410, 1414-15. While income producing property generates income to provide for a party's financial needs, income consuming property requires capital for its upkeep. Therefore, a spouse who receives only income consuming property is more likely to be in need of maintenance.

In the present case, the District Court failed to specifically point out the income producing or consuming nature of the property awarded to the parties. This failure, however, is not fatal. Although in our opinion, In Re the Marriage of Tow (Mont. 1987), 748 P.2d 440, 442, 44 St.Rep. 2154, 2157, we stated, "we will require a specific finding regarding the nature of the properties owned by the maintenance seeking spouse," such a specific finding is not required in this case. It is obvious from the findings and conclusions that the court considered the character of the property when it granted the maintenance award.

There is substantial credible evidence that the property awarded to the wife will not fulfill her reasonable economic needs. The total value of the award, $12,975, was small. Furthermore, what property she did receive, two motor vehicles, furniture and appliances, was income consuming rather than income producing.

Because the wife will be unable to support herself by relying on income produced by the asets distributed to her in the property division, she will be required to find employment in order to provide for her reasonable needs. There is no question regarding the wife's ability to work. She is a young, healthy individual who has worked outside of

the home throughout the marriage. The question is whether she will be able to support herself through "appropriate employment," a point that must be evaluated in light of the standard of living established during the marriage. In Re the Marriage of Madson (1979), 180 Mont. 220, 224-25, 590 P.2d 110, 112; Goodman, 723 P.2d at 222, 43 St.Rep. at 1414; Tow, 748 P.2d at 442, 44 St. Rep. at 2158.

The District Court made no specific finding regarding the standard of living established during the marriage. Even so, we can infer from the findings that the parties enjoyed a comfortable, though not lavish, lifestyle. They owned their own home and several motor vehicles. The husband was a partner in a successful farming operation from which he received monthly draws ranging from $1,500 to $2,000.

The wife's standard of living fell drastically once she separated from her husband. Her failure to find work in the Bozeman area that paid more than minimum wage forced her to look for employment outside of the state. The employment she was able to find, selling cable subscriptions door-to-door, required that she work extremely long hours seven days a week. Even though she saved on rent by living out of her camper, she earned only enough money to pay her bills. At the time of the dissolution hearing she was out of funds and without a job. She testified that she planned to move to a metropolitan area where she estimated she could earn $1,200 monthly. Even at that salary, however, she would be unable to meet her projected living expenses of $1,743 per month.

Both the findings and the record reflect that the wife will be unable to support herself in a manner that will approximate the standard of living established during the marriage without the aid of maintenance payments. Therefore, the District Court was correct in determining that an award of maintenance was appropriate.

Once the lower court determines that a grant of maintenance is warranted, it must look to the factors enumerated in § 40-4-203(2), MCA, to ascertain the duration and amount of the award. That section is as follows:

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Our discussion above shows that the District Court considered the majority of the elements listed in § 40-4-203(2), MCA, when it evaluated the need for maintenance. Thus, the only element we need to discuss is that concerning the ability of the husband to meet his needs while making maintenance payments. Here, too, the income producing or income consuming character of the property awarded in the property distribution is important. In Re the Marriage of Herron (1980), 186 Mont. 396, 407-08, 608 P.2d 97, 103. A spouse who receives income producing property is in a better

position to pay a greater amount of maintenance for a longer period of time.

In the instant case, the husband received all the farm assets. Even so, he argues that the maintenance grant was improper, contending that the partnership is income consuming rather than income producing because it is heavily indebted. We do not agree. A loan agreement with a bank that requires that all profits be applied to debt reduction does not change the character of an asset from income producing to income consuming. The partnership is an income producing asset.

The husband further contends that the award was improper because he is unable to pay maintenance and meet his personal expenses at the same time. He argues that his ability to pay should be the deciding factor in determining the propriety of a maintenance award. This is not so. While the husband's ability to meet his needs is an element that should be given great weight, it is not always the determining factor. Each case depends on its own unique set of facts. In Re the Marriage of Aanenson (1979), 183 Mont. 229, 234, 598 P.2d 1120, 1123.

In the present case, the trial court was forced to choose between awarding the wife an interest in the partnership, an arrangement that would have caused continuing friction between the parties, or maintenance. It chose to grant maintenance of $500 per month for 10 years. Under the circumstances this was not an abuse of discretion. Although the trial court did not make specific findings regarding each element of § 40-4-203, MCA, the findings that were made show that the court considered the proper factors when making the award. Further, the findings and the award were based on substantial credible evidence found in the record.

Ms. Cole requests attorney's fees on this appeal in accordance with § 40-4-110, MCA. That statute allows a court

- 9 -

to award costs and attorney's fees to a party who defends a post-judgment proceeding in a dissolution action. We therefore remand to the District Court for a determination of Ms. Cole's reasonable attorney's fees incurred in defending this appeal.

We affirm the grant of maintenance and remand on the matter of Ms. Cole's attorney's fees on appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices