No. 92-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

DOROTHY E. DORVILLE,

    Petitioner and Appellant,

    and

DONALD KEITH DORVILLE

    Respondent and Respondent.

FILED

JUL 3 0 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Paulette C. Ferguson and Lori Ballinger, Attorneys
at Law, Missoula, Montana

    For Respondent:

        Jon Ellingson, Ellingson & Moe, Missoula, Montana

Submitted on Briefs:   June 25, 1992

Decided:   July 30, 1992

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Dorothy E. Dorville appeals decisions of the District Court of the Fourth Judicial District, Missoula County in her marital dissolution action. We affirm.

The issue we address on appeal is whether the District Court erred in refusing to award maintenance.

The appellant, Dorothy Dorville (Dorothy), and the respondent, Donald Dorville (Donald), were married in Colorado on May 10, 1969. Two children were born during the marriage.

Dorothy was 44 years old at the time of trial and was employed by the U.S. Forest Service. She has a college degree and previously had been employed as a teacher. Donald was also 44 years old. He attended college but does not have a degree. He was an employment services specialist with the Montana Job Service at the time of trial.

The couple had a moderate middle-class lifestyle over the many years of the marriage. They accumulated considerable marital assets, including a family home, undeveloped property on Flathead Lake, vehicles, household furnishings, and Donald's PERS monies. Donald receives military disability benefits each month as a result of a disability which occurred prior to the marriage. In addition, he received an inheritance from his father shortly before the marriage ended.

Dorothy filed a petition for dissolution of the marriage on February 17, 1989. Trial was held in September, 1991. The District Court filed its findings of fact and conclusions of law

October 1, 1991. The court awarded the parties joint custody of the minor child, with primary residential custody in Dorothy; it also awarded Dorothy child support of $450 each month. The marital estate, including Donald's PERS accumulations, was valued and distributed. Dorothy received a net distribution of property valued at $50,985; Donald's net share was $41,995. In addition, each party was awarded one-half of the proceeds--valued at approximately $45,000 after taxes--from a future sale of the Flathead Lake property. Finding that Dorothy had sufficient property to provide for her reasonable needs and that she was able to support herself through appropriate employment, the District Court refused to award maintenance.

The decree of dissolution was entered October 15, 1991. Dorothy filed a motion to alter or amend, which the court denied. This appeal followed.

Did the District Court err in refusing to award maintenance?

The court may award maintenance only if it finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 40-4-203(1), MCA. Our standard of review of a grant or refusal of maintenance is whether the district court's findings are clearly erroneous. In re Marriage of Sacry (Mont. 1992), ___ P.2d ___, 49 St.Rep. 452; In re Marriage of Eschenbacher (Mont. 1992), ___ P.2d ___, 49 St.Rep. 393.

The District Court found that Dorothy had a permanent job with the Forest Service from which she netted $883 every four weeks.

3

The record reflects a reasonable expectation of a cost of living increase in Dorothy's job each January and, in addition, periodic step increases. She was awarded the family home with approximately $54,000 equity and a remaining mortgage of approximately $13,000. In addition, she will net $45,000 cash after taxes upon sale of the Flathead Lake property. On the basis of these findings, the court found that Dorothy did not meet either of the statutory requirements for an award of maintenance. Dorothy asserts that the court erred as to both of the statutory criteria.

Dorothy argues, first, that the "sufficient property" finding was erroneous because the court failed to take into account that the property she received was income-consuming. "Sufficient property" as used in § 40-4-203, MCA, means income-producing, not income-consuming, property. In re Marriage of Luisi (1988), 232 Mont. 243, 756 P.2d 456.

Here, the court awarded Dorothy the family home. This clearly is income-consuming property for purposes of § 40-4-203, MCA, although we do note, as did the District Court, the appellant's substantial equity in the home.

Dorothy also was awarded one-half of the net proceeds from the future sale of the Flathead Lake property, conservatively estimated by the District Court to be $45,000. Dorothy asserts that, until the sale occurs, the Flathead Lake property also is income-consuming. Thus, she contends that the court erred in finding that she has sufficient property under § 40-4-203, MCA, because all the property was income-consuming. We disagree.

4

It is true that, pending the sale of the Flathead Lake property, Dorothy must contribute $30 each month for taxes. This amount is inconsequential, however, in light of the property's significant value and the lack of any associated debt. We previously have found that similar property to be sold in the future was in the nature of income-producing property. In re Marriage of Tow (1987), 229 Mont. 483, 748 P.2d 440. It is clear that the District Court so considered the Flathead Lake property proceeds here. Under the facts of this case, the District Court's finding that Dorothy received sufficient property to provide for her reasonable needs is not clearly erroneous.

With regard to the property, Dorothy also argues that the District Court erred in not making a "determination" as to the income-consuming or income-producing nature of the property she was awarded. She relies on Marriage of Tow, and In re Marriage of Greenlee (1991), 249 Mont. 521, 816 P.2d 1073. We address this matter for purposes of clarity only.

We stated in Marriage of Tow that a specific finding regarding the nature of the properties awarded to the spouse seeking maintenance is required. Marriage of Tow, 229 Mont. at 486, 748 P.2d at 441-442. Indeed, such specific findings are encouraged in order that, on review, this Court can follow a district court's rationale more closely. Subsequent to Marriage of Tow, however, we clarified the "specific finding" requirement by stating that such a finding is not required when "[i]t is obvious from the findings and conclusions that the court considered the character of the

5

property . . ." in addressing the award of maintenance. In re Marriage of Cole (1988), 234 Mont. 352, 356, 763 P.2d 39, 42. In Marriage of Greenlee, we relied on Marriage of Cole in reversing a district court for failing to consider the nature of the property awarded. There, the court did not determine the value of certain real properties and the record was clear that both were burdened with substantial liabilities; in addition, the court failed to take into account the fact that, as a practical matter, the awarded retirement plan amounts were not available for some ten years. Marriage of Greenlee, 249 Mont. at 524, 816 P.2d at 1075.

Here, the specificity of the court's findings as to the value of, and equity in, the properties demonstrates that it considered the nature of the properties. We conclude that the District Court properly considered the nature of the property awarded to the appellant.

Dorothy also contends that the District Court erred in determining that she is able to support herself through appropriate employment in that it failed to consider the standard of living the parties established during the marriage. Her analogy to In re Marriage of Dunn (1991), 248 Mont. 95, 809 P.2d 571, is misplaced.

In Marriage of Dunn, the wife's income fell short of her expenses; the husband argued that she could erase the deficit with her share of the marital assets. The wife's share of assets amounted to only $6,000 after income-consuming property and related debt were subtracted. This Court found that amount insufficient to provide the income which, in combination with the wife's earnings,

6

was necessary to meet her reasonable needs. Marriage of Dunn, 248 Mont. at 98, 809 P.2d at 573. Marriage of Dunn is distinguishable from the instant case.

Here, Dorothy's monthly expenses are approximately $1,205 plus house and van payments. Her monthly net income is approximately $957 ($441.73 bi-weekly x 26 pay periods/year divided by 12 months). That income, together with the $450 monthly child support, significantly exceeds her monthly expenses when her house and van payments are not considered.

Those monthly payments are $318 and $357, respectively. At the time of trial, the total mortgage on the family home was $13,000, and the outstanding van loan was $5,000. Dorothy's share of the Flathead Lake property proceeds is $45,000. It is clear that Dorothy could eliminate her outstanding debt and retain a sizeable income-producing cash remainder. At such a juncture, she would have income far exceeding her expenses plus a family home without debt and other assets. The District Court's finding that Dorothy was able to support herself through appropriate employment is not clearly erroneous.

We hold that the District Court did not err in refusing to award maintenance. Because of that holding, we need not address Dorothy's argument that Donald's disability payments should be considered in relation to his ability to pay maintenance.

Affirmed.

Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8