No. 92-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

JUDITH L. NEWTON,

    Petitioner and Respondent,

and

DANIEL J. NEWTON,

    Respondent and Appellant.

**FILED**

DEC 10 1992

*Ed Smith*
CLERK OF SUPREME COURT.
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles A. Harball, Attorney at Law,
        Kalispell, Montana

    For Respondent:

        Bruce McEvoy, Warden, Christiansen,
        Johnson & Berg, Kalispell, Montana

Submitted on Briefs:  November 19, 1992

Decided:  December 10, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Petitioner and respondent, Judith L. Newton, brought a petition for dissolution of marriage on August 1, 1990. Respondent and appellant, Daniel J. Newton, appeals from the findings of fact, conclusions of law, and decree of dissolution entered by the District Court of the Eleventh Judicial District, Flathead County. Specifically, Daniel appeals from the District Court's valuation of an item of the marital estate and from the District Court's award of temporary maintenance. We affirm.

Daniel presents two issues for review by this Court:

1. Was the District Court's valuation of the sports card collection clearly erroneous?

2. Was the District Court's award of temporary maintenance in the sum of $450 per month for five years clearly erroneous?

Daniel and Judith Newton were married in 1975. Two children were born during the marriage--a son in 1977, and a daughter in 1978. There are no issues raised on appeal relating to the District Court's determination regarding child support, custody, or visitation.

A bench trial was held on August 15, 1991. On February 20, 1992, the District Court entered its findings of fact, conclusions of law, and decree of dissolution. The parties stipulated to the value and distribution of much of the marital estate. At trial, the parties evidenced a general intent that each side should retain their own personal property which they were in possession of at the time of trial. One such item of personal property was a sports

2

card collection belonging to Daniel. The parties offered conflicting evidence as to the value of the collection. The District Court assigned a value of $8000 to the collection.

The District Court found that the value of the parties' assets was $44,707 and that none of the property was income-producing. This valuation excluded retirement accounts and a 1991 profit sharing check of Daniel's which had been previously allocated between the parties. The total debt of the parties was $9863, leaving a net marital estate of $34,844. Judith received property worth $18,085 and assumed $1540 in debt, for a total award of $16,545. Daniel received property worth $26,622 and assumed $8323 in debt, for a total award of $18,299.

The District Court found that Daniel's monthly expenses totalled $1768.45 and that Judith's monthly expenses totalled $1450. This determination of Daniel's monthly expenses included his child support obligation of $519.25 per month, as determined by the District Court. The District Court found that Daniel's net income from his salary was approximately $1500 per month. At the time of trial, Daniel was employed by the Columbia Falls Aluminum Company where he had worked for the past twelve years. In addition to his salary, the evidence presented at trial indicated that Daniel had received annual profit sharing checks for the past four years in amounts approximating his annual salary. The evidence indicated that while the amount of the profit sharing checks may vary from year to year, it was expected that the payments would be made annually in the future.

3

The District Court found that pursuant to the requirements of § 40-4-203(1), MCA, Judith was entitled to temporary maintenance. On appeal, Daniel does not contest this finding. The District Court ordered maintenance of $450 per month for a period of five years, or until Judith receives a bachelor's degree, remarries, or dies, whichever occurs first. Following the entry of the decree of dissolution, Daniel made a motion for a new trial which was denied by the District Court. Daniel then brought this appeal.

I

Was the District Court's valuation of the sports card collection clearly erroneous?

On appeal, Daniel attacks the District Court's finding that the value of the sports card collection was $8000. Concerning our standard of review of marital property divisions, this Court recently stated that:

> In the past, this Court has employed an abuse of discretion standard in reviewing a lower court's determination of the appropriate division of the marital estate. This Court has recently clarified that our standard of review in regard to the factual findings of the district court relating to the division of marital property is whether the district court's findings are clearly erroneous.

In re the Marriage of Danelson (Mont. 1992), 833 P.2d 215, 219, 49 St. Rep. 597, 599.

The only evidence at trial concerning the value of the collection was the conflicting testimony offered by the parties. Neither party offered independent evidence or testimony of the value of the collection. No appraisal of the collection was

4

obtained. Judith testified that in her opinion the collection was worth $8000. On cross-examination, she stated that this estimation of the value of the whole collection was based in part on her sale of one particular album of the collection. Daniel testified that the one particular album sold was the most valuable in the collection and was not indicative of the value of the remainder of the collection. Daniel also testified that he purchased the baseball card portion of the collection for between $3250 and $4000. He then offered several opinions as to the value of the collection, first assigning a value of $3250 and then $2750.

Neither of the conflicting opinions of the parties as to the proper value of the collection was particularly compelling. The relatively unsupported assertions as to the value of the collection, coupled with the complete absence of any independent evidence of the value, placed the District Court in a difficult situation. Based on the evidence before it, the District Court found the value of the collection to be $8000.

Upon reviewing a District Court's valuation of an item of the marital estate this Court is guided by several well-established principles. First, in a dispute over the value of property in a marriage dissolution, the District Court may assign any value that is within the range of values presented into evidence. In re the Marriage of Kramer (1987), 229 Mont. 476, 747 P.2d 865. Second, the trial court, having had the opportunity to observe the demeanor and judge the credibility of the witnesses, is in a better position to resolve conflicting factual testimony than is this Court. In re

5

the Marriage of Gerhart (1990), 245 Mont. 279, 800 P.2d 698. In this instance, the District Court, after observing the testimony of the parties, found the value of the collection to be $8000. This value was within the range of values presented. We cannot say that the finding of the District Court as to the value of the collection was clearly erroneous.

## II

Was the District Court's award of temporary maintenance in the sum of $450 per month for five years clearly erroneous?

Daniel does not contend on appeal that Judith is not entitled to maintenance pursuant to the requirements of § 40-4-203(1), MCA. However, Daniel contests the award on the basis of § 40-4-203(2)(f), MCA, which sets forth one of the factors to be considered in determining the amount and duration of a maintenance award. Section 40-4-203(2)(f), MCA, provides that in awarding maintenance a district court judge shall consider:

> [T]he ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

While not always the determining factor, a spouse's ability to meet his or her own needs is a factor which must be given great weight in determining an award of maintenance. In re the Marriage of Cole (1988), 234 Mont. 352, 763 P.2d 39.

Daniel argues that with a monthly income from salary of $1500 and monthly expenses of $1768.45, as determined by the District Court, the award of maintenance by the District Court ignores the reality of his financial situation. This Court has in the past

6

reversed awards of maintenance when it appeared that the party ordered to pay the maintenance would not have sufficient resources left over to support himself. In re the Marriage of Keel (1986), 223 Mont. 305, 726 P.2d 812; In re the Marriage of Tow (1987), 229 Mont. 483, 748 P.2d 440.

Judith responds to this argument by pointing out that Daniel's income is in reality much greater than $1500 per month. The evidence at trial was that Daniel also receives an annual profit sharing check in an amount approximately equivalent to his salary. It is clear from the findings of fact, conclusions of law, and decree of dissolution, as well as from the District Court's memorandum and order in response to the motion for a new trial, that the District Court considered this additional source of income in determining the maintenance award. Daniel's additional income from the profit sharing checks was an appropriate basis for the District Court's maintenance award in this case. An argument similar to Daniel's was recently considered by this Court in In re the Marriage of Jacobson (Mont. 1992), 825 P.2d 561, 49 St. Rep. 92. In Jacobson, the husband asserted that his monthly income was less than his obligation for child support and maintenance. This Court noted that the husband's corporation had a regular practice of declaring bonuses to pay expenses that the husband had incurred. This additional income allowed the husband to meet his support obligations while at the same time providing for himself. Likewise, Daniel's additional income from the annual profit sharing checks will enable him to meet the maintenance obligation while

7

providing for his own needs.  The District Court's award of maintenance in this situation was not clearly erroneous.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

December 10, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Charles A. Harball
Attorney at Law
20-9th St. East
Kalispell, MT  59901-5419

Bruce McEvoy
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT  59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy