No. 91-095

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

SHARON GAYLE GREENLEE,

     Petitioner and Appellant,

  and

ROGER WAYNE GREENLEE,

     Respondent and Cross-Appellant.

FILED

SEP - 5 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Virginia A. Bryan, Wright, Tolliver & Guthals,
Billings, Montana

     For Respondent:

          Michael G. Moses, Moses Law Firm,
Billings, Montana

Submitted on Briefs:  June 27, 1991

Decided:  September 5, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Appellant Sharon Greenlee appeals from the judgment of the District Court of the Thirteenth Judicial District for Yellowstone County, denying her maintenance. Cross-appellant Roger Greenlee appeals the judgment regarding sale of the parties' family home. We reverse in part and affirm in part.

The issue raised by the appellant is whether the District Court erred in its determination that she is not entitled to maintenance.

The issue raised by the cross-appellant is whether the District Court erred in not fixing a specific time and party responsible for sale of the family home.

The parties instituted dissolution of marriage proceedings in April 1989. The issues of property division, maintenance, custody, child support, and visitation were presented to the court for determination on January 3, 1990.

On October 16, 1990, judgment was entered. Joint custody of the two minor children was ordered, with respondent the primary residential custodian. The parties were ordered to sell the family home and divide the proceeds equally. They were to continue as joint owners of partnership interests in rental property. The retirement plans were divided equally between the parties and the respondent was required to buy out the appellant's interest in his dental practice. Additional distributions of personal property were made on an equal basis. The court determined that no

2

maintenance was necessary in light of the property distributions, appellant's ability to earn income, and her lack of responsibility for child support payments. The appellant had sought $850 per month for maintenance.

On October 26, 1990, appellant filed a motion to amend the judgment to provide for maintenance. That motion was briefed by both parties, and an order was entered on December 7, 1990, denying the motion to amend. Appellant filed this appeal on January 7, 1991. Respondent filed his cross-appeal regarding disposition of the family home on January 21, 1991.

Appellant contends the District Court abused its discretion when it determined she was not entitled to maintenance. The appellant does not dispute the property division. However, she contends that the court erred in its application of § 40-4-203, MCA, the statute that pertains to maintenance. Specifically, appellant maintains that the court erred in its determination that the property which was awarded to her was sufficient to provide for her reasonable needs under subsection (1)(a) of § 40-4-203, MCA.

The court, in its Findings of Fact and Conclusions of Law, stated:

> Because of the value of the marital estate and the distribution of the assets of the marital estate, as well as the ability to earn income and relief from any child support obligations, this Court determines that maintenance is not appropriate. In light of the distributions, the Court specifically finds that Petitioner does not lack sufficient property to provide for her reasonable needs, nor is she unable to support herself through appropriate employment. The Court

3

specifically considered the financial resources of Petitioner, including the marital property apportioned to her and her ability to meet her needs independently through appropriate employment. The Court also considered the provisions of support of the children who are living with Respondent and Petitioner being relieved of any obligation of support for the children.

There is no plan concerning the acquisition of sufficient further education or training to enable Petitioner to find appropriate employment. The Court considered the standard of living established during the marriage, the duration of the marriage, and the age and physical and emotional condition of all the parties involved. The Court further considered the ability of Respondent under the circumstances to meet his needs as well as meeting the needs of his children in terms of providing them with support and education.

Appellant maintains that the properties she received, including an apartment house partnership and an interest in a professional building, were income-consuming, not income-producing assets. Neither the family home nor the time shares in a Big Sky condominium produce any income. The wife's interest in the dental practice, while income-producing, was not sufficient to provide for her needs, based upon her prior standard of living.

Appellant currently earns less than $12,000 a year from her work. She testified that her monthly expenses are approximately $3200 per month. Appellant sought $850 per month in maintenance in the dissolution proceeding.

This Court has held that in order to determine the sufficiency of the property distribution in lieu of maintenance, the district court must decide whether the property awarded is income-producing

4

or income-consuming. *In re Marriage of Goodman* (1986), 222 Mont. 446, 723 P.2d 219; *In re Marriage of Cole* (1988), 234 Mont. 352, 763 P.2d 39.

Appellant claims that the District Court committed an abuse of discretion by failing to consider income-producing versus income-consuming qualities of the property award. We find merit in the appellant's position. Much of the property distributed to appellant has little or no income value. The court did not or could not determine the value of either the apartment house or the professional building. It is clear from the record that both produce little or no income at this time, and that the outstanding liability upon both is substantial. The family home produces no income until a buyer is found. The Big Sky time share is not an income-producing asset, and the share of the retirement plan is not practically available to the appellant until its maturation, approximately ten years from now.

While the District Court correctly analyzed most of the criteria contained within § 40-4-203, MCA, we hold that the court did not properly consider the income-producing versus income-consuming qualities of the property awarded. Therefore, we reverse the decision of the District Court regarding maintenance and remand this case for further consideration of that issue. In doing so, the District Court should make specific findings regarding appellant's actual living expenses, and how any property that has been distributed to her contributes to the payment of those expenses.

Based on the facts in this case, if appellant's actual and necessary living expenses are greater than her income, and her income

5

is not supplemented by the property she received, she is entitled to maintenance payments pursuant to § 40-4-203, MCA.

The respondent contends on cross-appeal that the lower court erred in failing to provide a specific time for the sale of the family home and a specific person responsible for the sale.

The District Court stated that:

> The family home should be sold and after costs of sale and expense, the proceeds split 50/50 between the parties. Petitioner shall continue to reside in the home pending sale and shall cooperate with the effort to sell. Respondent shall continue to make mortgage payments and receive the tax deduction for the payments.

The family home has been listed with a Billings realtor as of April 1991. While there was some delay in the process, we conclude that both parties have begun compliance with the lower court's order by listing the house. Both parties stand to gain financially by the sale of the home, but now need a willing buyer. No evidence has been shown that the appellant has attempted to thwart the sale of the home. We find no abuse of discretion on the part of the lower court. Therefore, we affirm the decision of the District Court regarding the sale of the family home.

Reversed in part, affirmed in part, and remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 5, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Virginia A. Bryan
Wright, Tolliver & Guthals
P.O. Box 1977
Billings, MT 59103

Michael G. Moses
Moses Law Firm
P.O. Box 2533
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy