No. 93-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

EDWARD L. SMITH,

       Petitioner and Appellant,

  and

SHARON B. SMITH,

       Respondent and Respondent.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       E. Eugene Atherton, Kalispell, Montana

       For Respondent:

       Paul A. Sandry, Warden, Christiansen, Johnson
and Berg, Kalispell, Montana

FILED

OCT 21 1993

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  September 23, 1993

Decided:  October 21, 1993

_____
/Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Edward L. Smith, petitioner, appeals from an order entered by the Eleventh Judicial District Court, Flathead County, requiring him to pay maintenance to his former spouse, Sharon B. Smith. We affirm the District Court's order.

The issue presented is whether the District Court erred in modifying the parties' dissolution decree to include a maintenance provision, when the original decree was silent as to maintenance, and one spouse moved the court for modification of the decree.

Edward L. Smith (Edward) and Sharon B. Smith (Sharon) married on June 12, 1960, at Livingston, Park County, Montana. Four children were born during the marriage, all of whom were emancipated at the time of the dissolution. Edward, disabled, received workers' compensation monies from the State of Alaska during part of the marriage. Edward negotiated a settlement with the State of Alaska, which resulted in his entitlement to a lump sum of $75,000, to be paid in the Fall of 1991.

After approximately thirty years of marriage, Edward filed for dissolution on October 29, 1990. The parties entered into a marital settlement agreement prior to the dissolution hearing, which agreement in part provided:

> The parties hereto are possessed of certain real property and personal property which has been previously equitably divided between them.

2

The agreement was silent as to maintenance. The agreement did, however, state that:

> Husband agrees to and shall pay the sum of $16,988.62 immediately upon the receipt of his Workers' Compensation settlement [benefits] [to wife].

As security, Edward signed a promissory note, promising to pay Sharon $16,988.62. In return for this note, the marital settlement agreement and a release, Sharon consented to entry of a decree of dissolution of the marriage. The court incorporated the marital settlement agreement into the parties' decree of dissolution and entered the decree on January 18, 1991.

Edward received the workers' compensation settlement proceeds during 1991; he did not pay Sharon any amount toward the debt he owed her. On April 1, 1992, he filed for bankruptcy under Chapter 7 with the United States Bankruptcy Court for the District of Montana. The Bankruptcy Court subsequently discharged Edward's debts, including the debt owed to Sharon.

On October 15, 1992, Sharon moved the District Court for an award of maintenance. Among other things, she showed the court that she was unable to meet her living expenses. Edward in return moved the court to dismiss Sharon's motion on the grounds that it was barred by the doctrine of res judicata. The court denied Edward's motion and subsequently ordered him to pay Sharon maintenance of $356.86 per month for six years. The court did this by inserting the following maintenance provision:

Husband shall pay to Wife as maintenance payments the sum of $356.86 per month for a period of six years commencing on the 15th day of January, 1993 and ending on the 15th day of December, 1998. Interest at the rate of 10% per annum shall accrue on all delinquent payments.

The court further provided that "the obligation to pay future maintenance shall not be terminated upon the death of Edward . . . ." Edward appeals from the court's order.

Did the District Court err in modifying the parties' dissolution decree to include a maintenance provision?

We review discretionary trial court rulings, such as an award of maintenance upon dissolution, under the abuse of discretion standard. See In Re Marriage of Danelson (1992), 253 Mont. 310, 317, 833 P.2d 215, 218. Additionally, we review a district court's findings of fact for clear error, and its conclusions of law to determine whether those conclusions are correct. Danelson, 833 P.2d at 219; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

Edward contends that the court modified the parties' dissolution decree without jurisdiction because § 40-4-203, MCA, is the exclusive grant of jurisdiction for awarding maintenance, and that the court's modification did not comport with that statute. Sharon argues that § 40-4-208, MCA, gives a court jurisdiction to modify a dissolution decree and award maintenance up to two years after

4

the entry of the dissolution decree, when the decree is silent as to maintenance. We agree with Sharon.

Generally, Montana law prefers property dispositions over maintenance in dissolution matters. In Re Marriage of Luisi (1988), 222 Mont. 243, 756 P.2d 456. Whether to award maintenance is a decision within the sound discretion of the court. See § 40-4-203, MCA.

In most cases, a final adjudication bars subsequent actions as res judicata. After a dissolution decree is entered, however, § 40-4-208, MCA, provides exceptions to the general rule. In Re Marriage of Ensign (1988), 227 Mont. 357, 739 P.2d 479.

> A petition for modification with respect to maintenance must be considered by the District Court if it is filed within two years of the date the decree was rendered, regardless of whether the decree contains provisions for maintenance . . . . [Emphasis supplied.]

In Re Marriage of Cooper (1985), 216 Mont. 34, 37, 699 P.2d 1044, 1046; see also In Re Marriage of Jones (1990), 242 Mont. 119, 788 P.2d 1351.

Sharon filed the motion for modification within the statutory time limit of two years. See § 40-4-208(2)(a), MCA. The District Court then opened the property distribution portion of the dissolution decree after Sharon showed good cause for modification. See § 40-4-208(3)(b), MCA. After considering the evidence, the court amended the dissolution decree to include an award of maintenance. We hold that because the original agreement was

5

silent as to maintenance, the court had jurisdictional authority for this modification under § 40-4-208(2)(a), MCA.

We conclude that the court did not abuse its discretion in fashioning an equitable ruling made within the bounds of its statutory jurisdiction. The order of the District Court is therefore affirmed.

Chief Justice

We concur:

Justices

October 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


E. Eugene Atheron, P.C.
Attorney at Law
735 Main St.
Kalispell, MT  59901

Paul A. Sandry, Esq.
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT  59903-3038


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy