No. 94-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


IN RE THE MARRIAGE OF

RAYMOND E. WHITE,

     Petitioner/Respondent,

and

PATRICIA N. WHITE,

     Respondent/Appellant.

FILED

AUG 24 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Joan Meyer Nye, Nye & Myer, Billings, Montana

     For Respondent:

     Gregory R. Todd, Hanson, Roybal, Lee & Todd,
Billings, Montana


Submitted on Briefs: May 25, 1995

Decided: August 24, 1995

Filed:

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from the order of dissolution and attendant findings of facts and conclusions of law handed down by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

Appellant presents four issues for review:

I.   Did the District Court abuse its discretion in its division of the net marital estate?

II.  Did the District Court abuse its discretion by denying maintenance to Patricia?

III. Did the District Court abuse its discretion by not awarding Patricia attorney's fees?

IV.  Did the District Court abuse its discretion in awarding Raymond all of the income tax dependency exemptions for the couple's children?

The parties were married on December 12, 1970 and separated approximately June 18, 1993. The couple have four children, ages 21, 18, and twins, 17. (Three of these children are issue of the union.) During most of the marriage Patricia White (Patricia) was a homemaker. However, in May of 1993 she graduated with a degree in special education training, but has only worked as a substitute teacher sporadically in the Billings area. Patricia works as a van-driver/maid for the War Bonnet Inn making $4.75 per hour because she says that she has been unable to find permanent employment in her field.

Raymond White (Raymond) has worked for UPS for fourteen years and at the time of the bench trial he was a supervisor in the Sparks, Nevada, area. During 1993, Raymond was on a special assignment in Nevada and incurred many expenses which were or will

be reimbursed by UPS.

There is no argument concerning custody as all involved agree that joint custody is in the best interests of the children. Patricia is the primary custodial parent. The court directed Raymond to pay $1,085.00 for all three children and if the son decided not to finish school but become emancipated, Raymond would pay only $843.00.

The court denied Patricia's request for maintenance and for attorney's fees. Patricia appeals.

I.

Did the District Court abuse its discretion in its division of the net marital estate?

Patricia argues that the District Court did not value the property correctly and did not accept her valuations of certain items. Patricia believes that the court should have accepted her valuation because she had items appraised and Raymond did not.

Raymond argues that the District Court was not bound to accept Patricia's valuations of property even though she had items appraised.

District courts have wide discretion in dividing a marital estate as long as it is done equitably. In re Marriage of Rada (1994), 263 Mont. 402, 869 P.2d 254. District courts are required to make an "equitable distribution" of the marital estate, but that does not necessarily mean courts are bound to make an equal distribution. Rada 263 Mont. at 405, 869 P.2d at 256; § 40-4-202, MCA. A district court's findings of fact regarding division of the

marital estate will not be disturbed unless clearly erroneous. In re Marriage of Rock (1993), 257 Mont. 476, 850 P.2d 296. As long as the district court's judgment is based upon substantial credible evidence, this Court will not alter that judgment unless there is a clear abuse of discretion. In re Marriage of Scoffield (1993), 258 Mont. 337, 852 P.2d 664.

The main contention here is the amount of money that Raymond borrowed twelve days before trial. Patricia argues that Raymond borrowed $55,000 in a consolidation loan twelve days before trial and paid off the house loan of $26,740.65, and another loan for stocks at $15,789.85, but he did not account for approximately $12,400 from the total borrowed. Patricia contends that because the District Court included the entire $55,000 as a marital debt attributable to Raymond, that she has been deprived of thousands of dollars in assets.

A review of the record in this case shows that when the court made the final tally of assets and debts, Patricia had $20,000 more in assets than Raymond. The court fairly attributed to Raymond the entire $55,000 debt based upon the court's acceptance of Raymond's explanation of what he paid with that money. Raymond testified and submitted a list of what he paid with the $55,000.

Further, simply because the court did not accept Patricia's appraised value of certain **items** of the couple's personal property, it does not follow that the division of the marital estate was unfair or that Raymond's valuation was in error. The court was not required to accept the sworn testimony of Patricia's expert. In re

4

Marriage of Luisi (1988), 232 Mont. 243, 756 P.2d 456. The record reveals that Patricia's "expert" was an ex-boyfriend who appraised Raymond's tools but did not have as much professional experience in such valuation as Raymond who had once owned and operated a service station.

There is nothing in the record which shows the court's findings to have been clearly erroneous. The record reveals substantial evidence to support the District Court's use of Raymond's evaluations. We hold that the District Court did not abuse its discretion in its division of the net marital estate.

II.

Did the District Court abuse its discretion by denying maintenance to Patricia?

Patricia argues that the District Court should have awarded her maintenance because her financial need exceeds her income. Raymond argues that Patricia has a college degree but has not looked for work in her field.

The District Court has discretion as to whether to award maintenance, and we will not set that decision aside unless the court's clear error constitutes an abuse of discretion. In re Marriage of Tahija (1992), 253 Mont. 505, 833 P.2d 1095. Property dispositions are generally preferred over maintenance in marital dissolution matters. In re Marriage of Smith (1993), 260 Mont. 533, 861 P.2d 189. As mentioned before, here, the court awarded Patricia $20,000 more in assets, including the debt-free family home.

The court considered the elements of § 40-4-203, MCA, in deciding the maintenance issue and came to the conclusion that both parties were living beyond their incomes and that Patricia could have found a teaching job had she put some effort into obtaining employment in her chosen field. The record bears out the court's evaluation. Patricia graduated with honors with a degree in special education, yet she is working as a van-driver/maid. She admitted at trial to not completing her placement file and to not obtaining letters of recommendation. She also spent ten days in California in the spring of 1993 at the prime time to apply for teaching jobs. Therefore, we conclude that the District Court did not abuse its discretion in failing to award Patricia maintenance.

### III.

Did the District Court abuse its discretion by not awarding Patricia attorney's fees?

Patricia argues that she is unable to pay her attorney's fees. Raymond argues that he cannot pay either. Section 40-4-110, MCA, makes the award of attorney's fees in dissolutions permissive with the court. In re Marriage of Spence (1993), 257 Mont. 188, 849 P.2d 161.

Here, the court made a finding that both parties were living beyond their means and that Patricia had the potential to obtain a professional position. We have held that when neither party is better able to pay attorney's fees, each party should be responsible for his or her own fees. In re Marriage of Hall (1987), 228 Mont. 36, 740 P.2d 684.

We hold the District Court did not abuse its discretion by failing to award Patricia her attorney's fees.

IV.

Did the District Court abuse its discretion in awarding Raymond all of the income tax dependency exemptions for the couple's children?

Both parties sought the exemptions for the couple's three minor children. The court awarded all exemptions to Raymond who is paying $1,085.00 per month child support. The court heard substantial evidence concerning the couple's property and income-earning potential and decided to award the exemptions to Raymond. Patricia has cited no authority for her argument that she should have received these exemptions.

The decision to award income tax dependency exemptions is not a finding of fact nor a conclusion of law, but is made within the discretionary power of the court to reach an equitable property decision. Marriage of Rock, 850 P.2d at 298. We will not disturb these discretionary rulings by the court unless the court abused its discretion. Marriage of Rock, 850 P.2d at 298. Patricia has provided us with no persuasive legal argument to justify her assertion that the court abused its discretion. Therefore, we conclude that the court did not abuse its discretion in awarding Raymond exemptions for the couple's three children.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

August 24, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Joan Meyer Nye
NYE & MEYER, P.C.
3317 Third Avenue North
Billings, MT 59101

Gregory R. Todd
HANSON & TODD
Transwestem II Building, Suite 205
404 North 31st Street
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _DLM_____

Deputy