No. 96-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE MARRIAGE OF

ANGELA MARGARET OLSON,

      Petitioner and Respondent,

  and

CHARLES JOHN OLSON,

      Respondent and Appellant.

FILED

NOV 21 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          John L. Hollow, Attorney at Law,
          Helena, Montana

      For Respondent:

          Steven J. Shapiro, Attorney at Law,
          Clancy, Montana

Submitted on Briefs:  September 26, 1996

Decided:  November 21, 1996

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The respondent, Angela Margaret Olson, filed a petition for dissolution of her marriage to the appellant, Charles John Olson, in the District Court for the First Judicial District in Lewis and Clark County. After a hearing, the District Court entered its decree of dissolution, and divided and distributed the parties' marital estate. Charles filed a Motion to Reconsider and Modify the Judgment. His motion was denied. He appeals from the judgment of the District Court. We affirm the judgment of the District Court.

The issue on appeal is whether the District Court erred when it divided and distributed the Olsons' marital estate.

### FACTUAL BACKGROUND

Angela and Charles were married in March 1991. One year later, Angela filed a petition for dissolution of their marriage. Shortly thereafter, however, they reconciled, continued to live together, and had their third child. Their subsequent separation in 1995 preceded this litigation.

2

On March 2, 1994, Kathryn Olson deeded an acre of land to her son, Charles. He signed a promissory note in the amount of $10,000, and recorded the deed on the following day.

Charles subsequently added Angela's name to the deed so they could secure a loan for the purchase of their house. Their loan application indicated that there was no debt secured by the land, and that the land was jointly owned by both of them.

Although the house was built, primarily, by an independent contractor, both Angela and Charles furnished the house, and participated in its construction. Furthermore, they both were employed outside the home and contributed money toward its construction and improvement. Angela was also the primary caretaker of their three children.

In 1994, the appraised value of their house was $95,000. The land was separately valued at $15,000. The balance secured by the house was $66,000.

Charles executed a note for $10,000 to Kathryn, and a trust indenture which identified the real property as security for payment of the note. However, Kathryn did not record the trust indenture until November 30, 1995--one day prior to the parties' dissolution hearing. Neither Angela's name nor her signature appear on the trust indenture.

At the dissolution hearing, Charles claimed that, pursuant to the promissory note he executed on March 2, 1994, he owed Kathryn $10,000 for the property she deeded to him, and that, upon the

3

equitable division of the marital estate, he should be credited in that amount.

Angela testified that she was previously unaware of the promissory note signed by Charles. She contended that no money was owed to Kathryn, and that the land was a gift.

Kathryn testified, and admitted that, on one occasion, she told Charles, "you can just have the land."

At the conclusion of the hearing, the District Court entered its decree of dissolution, and made the following determination:

> Charles should not receive credit for the $10,000 he may owe his mother. There is no indication that it is a marital debt. Charles led Angela to believe that it was not necessary for them to pay his mother for the [land]. Angela was not a party to the note or to the trust indenture. The trust indenture was not signed or filed until just before the hearing in this matter. When the land was transferred to both Angela and Charles, there was no mention of the note and no lien existed on the property.

On that basis, the District Court ordered that the family home should be listed for sale, and that the net proceeds from that sale should be equally divided between the parties. The District Court also ordered that, in the alternative, Charles could buy Angela's equity in the home for $10,000 within sixty days of the date of the dissolution decree.

Charles filed a Motion to Reconsider and Modify the Judgment. He contended that the land was a gift to him from Kathryn, and that, therefore, the District Court erred when it included the value of the land in the marital estate. The District Court denied the motion, and found that, when Charles executed a deed which placed the property in both his and Angela's names, the land became

4

a part of the marital estate. The District Court also held that when it divided the marital estate it had complied with the requirements of § 40-4-202, MCA, because Angela contributed both monetarily and nonmonetarily to the family home. Finally, the District Court stated:

> The real issue in this case is whether the parties owe [Kathryn] $10,000 for the [land]. Based on the facts before it, the [District] Court concluded that [Charles] should not receive credit for the $10,000. While [Charles] had signed a handwritten note stating he agreed to pay [Kathryn] $10,000, [Angela] did not sign the note nor was she aware of it. When [Charles] added [Angela's] name to the property, there was no lien on the property. It was not until the day prior to the hearing that [Charles] signed and had recorded the trust indenture.

Ultimately, the District Court concluded that it should not exclude the value of the land from the marital estate.

## DISCUSSION

Did the District Court err when it divided and distributed the Olsons' marital estate?

The standard of review in marital property distribution cases is whether the district court's findings of fact are clearly erroneous. If substantial credible evidence supports the district court's findings and judgment, then the judgment will be affirmed unless the district court abused its discretion. *In re Marriage of Smith* (1995), 270 Mont. 263, 267-68, 891 P.2d 522, 525; *In re Marriage of Rock* (1993), 257 Mont. 476, 479-80, 850 P.2d 296, 298. Additionally, we recognize that district courts are vested with broad discretion to distribute the marital estate, and are

> obligated to fashion a distribution which is equitable to each party under the circumstances. Working in equity, the courts must seek fair distribution of the marital

5

property using reasonable judgment and relying on common sense.

*Marriage of Rock*, 257 Mont. at 480, 850 P.2d at 298 (citation omitted).

On appeal, Charles asserts two arguments in support of his claim that the District Court erred when it equitably divided the Olsons' marital estate.

First, Charles asserts the following argument: (1) the land was "gifted" to him by his mother; (2) therefore, the District Court was required to apply the provisions of § 40-4-202, MCA, that relate to "property acquired by gift"; and (3) the District Court erred when it included the value of the land in the marital estate, and when it failed to make the requisite findings as required by § 40-4-202, MCA.

We conclude that, based on the facts and evidence in this case, that part of § 40-4-202, MCA, which pertains to the distribution of "property acquired by gift" is inapplicable. When the District Court denied Charles' motion to reconsider and modify the judgment, it expressly found that "in July of 1994, [Charles] executed a deed placing the property in both his name and in [Angela's] name so they could get a loan. Thus, the [land] is a part of the marital estate." As the District Court correctly recognized, the creation of a joint tenancy made Angela a co-owner of the land. By his actions, Charles "gifted" an interest in the land to Angela and, pursuant to § 40-4-202, MCA, made the land part of the marital estate subject to equitable division.

Second, Charles asserts that: (1) if, as the District Court determined, the land is part of the marital estate, then the

6

$10,000 debt to Kathryn must also be part of the marital estate; and (2) therefore, the District Court erred when it concluded that the $10,000 debt was nonmarital, and when it refused to credit Charles with that amount.

However, although included in its Conclusion No. 16, the District Court found as follows:

> There is no indication that it [the $10,000 note] is a marital debt. Charles led Angela to believe that it was not necessary for them to pay his mother for the [land]. Angela was not a party to the note or to the trust indenture. The trust indenture was not signed or filed until just before the hearing in this matter. When the land was transferred to both Angela and Charles, there was no mention of the note and no lien existed on the property.

Thus, the District Court found that, based on the facts and evidence presented, the $10,000 note to Kathryn was not a marital debt. On that basis, the District Court refused to credit Charles for the $10,000, and did not assign the debt to the marital estate.

We conclude that the District Court's findings of fact are supported by substantial evidence and are not clearly erroneous, and that the District Court did not abuse its discretion when it distributed the marital estate. Accordingly, the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

7

_William E. Hunt, Sr._

_Justices_

November 21, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John L. Hollow
Attorney at Law
318 E. 6th Avenue
Helena MT 59601

Steven J. Shapiro
Attorney At Law
Box 2187
Clancy MT 59634-2187

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy